UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

  PATRICIA SANDELL,

                        Plaintiff,              **MEMORANDUM & ORDER**
                                                  21-CV-4226(EK)

                 -against-

  KILOLO KIJAKAZI,

                        Defendant.

------------------------------------x

ERIC KOMITEE, United States District Judge:

          Plaintiff Patricia Sandell challenges the Social
Security Administration's ("SSA") denial of her claim for
disability insurance benefits and supplemental security income
("SSI").  Before the Court are the parties' cross-motions for
judgment on the pleadings.  For the following reasons, I deny
the Commissioner's motion and grant Sandell's motion to the
extent it seeks reversal of the Commissioner's final decision
and remand for a new hearing before a different ALJ.

                        **I.  Background**

**A.   Procedural Background**

          Sandell applied for disability benefits and SSI in
December 2015 and January 2016, respectively, alleging a
disability onset date of August 1, 2013.  Administrative Tr.
("Tr.") 9, 93-94, 238, 281, ECF No. 8.  In a decision issued on
June 13, 2018, the administrative law judge ("ALJ") David Suna

concluded that Sandell was not disabled and therefore not entitled to disability benefits or SSI ("the 2018 ALJ Decision"). *Id.* at 6–16. The Appeals Council denied Sandell's request for review. *Id.* at 1–4. Sandell sought review of the agency's decision in federal court. In March 2020, the parties stipulated to voluntarily remand the case for further proceedings, which was so-ordered by Judge Frederic Block. *Sandell v. Saul*, No. 19-CV-4614, ECF No. 15 (E.D.N.Y. Mar. 9, 2020); *see* Tr. 500–01.

Upon remand, the Appeals Council vacated the Commissioner's decision and remanded the case to ALJ Suna for further evaluation of Sandell's impairment and the medical opinion evidence. Tr. 506–07. ALJ Suna conducted two new hearings on August 12, 2020, and January 14, 2021. *Id.* at 407–92. In April 2021, the ALJ again concluded that Sandell was not disabled and therefore not entitled to disability benefits or SSI (the "2021 ALJ Decision"). *Id.* at 390–400. Sandell timely sought review of that decision in this Court.[1]

---

[1] *See* 20 C.F.R. § 404.984 ("When a case is remanded by a Federal court for further consideration and the Appeals Council remands the case to an administrative law judge, . . . the decision of the administrative law judge or administrative appeals judge will become the final decision of the Commissioner . . . unless the Appeals Council assumes jurisdiction of the case.").

**B.    The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see id.* § 1382c(a)(3)(A).  The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability and SSI claims.  20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant is engaged in substantial gainful activity.  *Id.* § 404.1520(a)(4)(i), (b).  If not, then at step two, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" her "physical or mental ability to do basic work activities."  *Id.* § 404.1520(a)(4)(ii), (c).  If the ALJ identifies a severe impairment, then at step three, he must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments").  *Id.* § 404.1520(d); *see also id.* pt. 404, subpt. P, app. 1.  If it does, the ALJ will deem the applicant disabled.  *Id.* § 404.1520(a)(4)(iii).

Here, the ALJ determined that Sandell had engaged in some substantial gainful activity since her disability onset date — for several quarters in 2018 through 2020 — but continued to the next step in consideration of the entire relevant time period.  Tr. 396.  The ALJ also determined that Sandell suffered from the "severe impairment" of bilateral sensory neural hearing loss.  *Id.*  The ALJ concluded, however, that this severe impairment did not rise to the level of a Listed Impairment. *Id.*

When the ALJ finds that a claimant's severe impairments do not meet the requirements of the Listed Impairments, he must determine the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4)(iv), which is the most she can do in a work setting notwithstanding her limitations.  *Id.* § 404.1545(a)(1).  The ALJ concluded here that Sandell had the RFC to perform a full range of all exertional levels, with various non-exertional limitations.  Tr. 396.  Those limitations included that Sandell could "tolerate no more than moderate noise" in light of her hearing loss, with only "occasional interaction with supervisors and co-workers" where such "interactions between co-workers and supervisors must be in writing, demonstrated, or face-to-face."  *Id.*

At step four, the ALJ considers whether, in light of the RFC determination, the claimant could perform "past relevant

work." 20 C.F.R. § 404.1520(f). Here, the ALJ found that
Sandell could not perform her past work as a teacher's aide,
flight attendant, or real estate agent. Tr. 398. At step five,
the ALJ evaluates whether the claimant could perform jobs
existing in significant numbers in the national economy. 20
C.F.R. § 404.1520(a)(4)(v), (g). The ALJ determined that
Sandell could perform such jobs, including as a "laundry
worker," "coffee maker," "cleaner," "price marker," and
"inspector." Tr. 440–41. Given that conclusion, the ALJ
concluded that Sandell was not disabled. *Id.* at 441.

## II.   Standard of Review

A district court has jurisdiction to review the
Commissioner's final judgment denying an application for
disability benefits and SSI. *See* 42 U.S.C. §§ 405(g),
1383(c)(3). The review is limited to two questions: whether
substantial evidence supports the Commissioner's decision, and
whether the Commissioner applied the correct legal
standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).

"Substantial evidence means more than a mere
scintilla. It means such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Burgess v.
Astrue*, 537 F.3d 117, 127 (2d Cir. 2008).[2] "[I]f supported by

substantial evidence," the Commissioner's factual findings

"shall be conclusive."  42 U.S.C. § 405(g).

### III.  Discussion

Sandell raises three arguments on appeal — one going

to the substance of the 2021 ALJ Decision and two raising

constitutional challenges.  As most relevant here, Sandell

asserts that her case was adjudicated by an improperly appointed

ALJ, in violation of Article II's Appointments Clause, and

should be remanded for a new hearing with a different ALJ

pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018).  *See* Pl.'s Br.

in Supp. of Mot. for J. on the Pleadings ("Pl. Br.") 6-8, ECF

No. 10.  This Court agrees and remands for further proceedings

before a different ALJ.

In *Lucia*, the Supreme Court held that the SEC's ALJs

are "Officers of the United States" and therefore must be

appointed pursuant to the Appointments Clause, which limits

appointment powers to the "President," "Courts of Law," and

"Heads of Departments."  *Lucia*, 138 S. Ct. at 2051, 2053; *see*

Art. II, § 2, cl.2.  At the time, the SEC ALJ who heard and

decided the petitioner's case had only been selected by the

SEC's staff members, and thus were not constitutionally

---

[2] Unless otherwise noted, when quoting judicial decisions this order
accepts all alterations and omits all citations, footnotes, and internal
quotation marks.

appointed.  *Lucia*, 138 S. Ct. at 2050.  The "appropriate remedy for an adjudication tainted with an appointments violation," the Supreme Court concluded, was "a new hearing before a properly appointed official."  *Id.* at 2055.  That new hearing, moreover, must not occur before the original ALJ once constitutionally appointed, who "cannot be expected to consider the matter as though he had not adjudicated it before."  *Id.*  "To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing."  *Id.*

In response to *Lucia*, the SSA preemptively addressed issues regarding the appointment of its own ALJs by having the Commissioner ratify such appointments.  *See* 84 Fed. Reg. 9582, 2019 WL 1202036, at *9583 (Mar. 15, 2019).  The Supreme Court decided another Appointments Clause case shortly thereafter in *Carr v. Saul*, 141 S. Ct. 1352 (2021).  There, the Court clarified that a claimant need not exhaust an Appointments Clause challenge at the agency level, but could timely raise it for the first time on appeal in federal court.  *Id.* at 1356, 1362.

Here, the agency does not dispute that ALJ Suna had not been constitutionally appointed at the time of the 2018 ALJ Decision.  The parties also agree that the 2018 ALJ Decision was vacated and remanded on a merits-based grounds, and that ALJ

Suna *was* constitutionally appointed when he issued the 2021 ALJ Decision.

The parties do, however, dispute the constitutionality of those further proceedings before ALJ Suna after his proper appointment.  Sandell asserts that the subsequent appointment of ALJ Suna did not cure the Appointment Clause violation, and she is therefore entitled to a new hearing before a different ALJ. Pl. Br. 6.  The Commissioner, by contrast, argues that remand is not warranted here because Sandell's case was re-heard and decided before a properly appointed ALJ.  The 2021 ALJ Decision, the only decision on appeal, thus suffers no constitutional defect.  *See* Mem. of Law in Supp. of Comm'r Mot. for J. on the Pleadings ("Comm'r Mem.") 21–23, ECF No. 13-1.

The Second Circuit has yet not addressed this issue, and district courts within and without the circuit are divided.  *Compare Misty D. v. Kijakazi*, 18-CV-206, 2022 WL 195066, at *3 (N.D.N.Y. Jan. 21, 2022) (concluding that a subsequent appointment prior to rehearing did not cure the initial defect), *with Cheryl L. D. v. Comm'r of Soc. Sec. Admin.*, No. 21-CV-00704, 2022 WL 2980821, at *4 (D. Conn. July 28, 2022) ("Plaintiff received a new, substantive hearing, with a substantively different decision, by an ALJ who had been properly appointed. Thus, the ALJ's 2021 decision presents no constitutional concern"); *see also Michael D. v. Kijakazi*, No.

20-CV-12309, 2022 WL 3703206, at *6 (D.N.J. Aug. 26, 2022)
(collecting cases).

Other circuits, however, have reached this question.
The Fourth and Ninth Circuits have recently addressed this
precise procedural scenario.  Each concluded that the ALJ's
prior decision had "fatally tainted" the subsequent one,
requiring remand and further proceedings before a different
ALJ.  *See Cody v. Kijakazi*, 48 F.4th 956, 960-62 (9th Cir.
2022); *Brooks v. Kijakazi*, 60 F.4th 735, 741-43 (4th Cir. 2023).[3]
Absent instructions from the Second Circuit or Supreme Court on
this issue, and out of an abundance of caution, I conclude that,
pursuant to *Lucia*, Sandell is entitled to a new hearing before a
different ALJ.

As the Ninth Circuit reasoned, a violation of the
Appointments Clause violation is "no mere technicality or quaint
formality," but an attack on "a key component of the
Constitution's structural design."  *Cody*, 48 F.4th at 960.  For
this reason, the Supreme Court "established remedies with bite,"
to advance two purposes: "Not only does the remand before a new
ALJ reinforce the 'structural purposes' of the Appointments

---

[3] In so deciding, the Fourth Circuit vacated and remanded the district
court's decision in *Camille B. v. Kijakazi*, No. 20-CV-262, 2021 WL 4205341,
at *2-3 (E.D. Va. Sept. 15, 2021) — the primary case to which the
Commissioner cites in support of her arguments.  Comm'r Mem. 22.

Clause directly, it also seeks to 'create incentives to raise Appointments Clause challenges.'" *Id.* at 960–61 (quoting *Lucia*, 138 S. Ct. at 2055 n.5). Remand and reassignment thus supports *Lucia*'s "two remedial aims." *Id.* at 962. First, it promotes the Appointment Clause's structural purposes, "by ensuring only a properly appointed Officer takes part" in a claimant's case and "by penalizing an agency's circumvention" of the constitutional requirement. *Id.* Second, rehearing before a new ALJ "encourage[s] claimants to raise Appointments Clause violations," by foreclosing the possibility that the old ALJ, upon rehearing the same case post-appointment, reaches all of the same conclusions — in other words, rubber-stamps the prior decision. *See id.*

The Fourth Circuit, agreeing with the *Cody* decision, also directly rejected the argument that the Commissioner asserts here: in sum and substance, "that *Lucia*'s remedy of a new hearing before a different ALJ is unnecessary and irrelevant in these circumstances, in that the Appeals Council actually vacated the 2018 ALJ Decision on a merits-based issue." *Brooks*, 60 F.4th at 742–43. The Supreme Court "did not carve out any exception to the remedy's necessity" for merits-based vacaturs," but held "in no uncertain terms" that re-hearing before another ALJ was required to cure the "structural constitutional error." *Id.* at 743 (citing *Lucia*, 138 S. Ct. at 2055). Even a merits-

based vacatur, moreover, "does not fully eliminate the problem identified by the *Lucia* Court that, on remand, the same ALJ would be hard pressed to 'consider the matter as though [she] had not adjudicated it before.'"  *Id.* (quoting *Lucia*, 138 S. Ct. at 2055).

These opinions are persuasively reasoned.  Here, because ALJ Suna was not properly appointed at the time he issued the 2018 ALJ Decision, Sandell was entitled to a new decision before a different ALJ.  *Lucia*, 138 S. Ct. at 2055. After the Appeals Council vacated that decision, ALJ Suna reheard the case and issued the 2021 ALJ Decision.  The Appointments Clause violation was therefore never cured, and "the [2021] ALJ Decision was likewise rendered in contravention of that Clause." *Brooks*, 60 F.4th at 744.  Accordingly, remand for a new hearing before a different ALJ is warranted now.

Because such remand and reassignment is required, the Court does not reach Sandell's other challenges on appeal, including her argument that the 2021 ALJ Decision failed to properly evaluate and account for the medical opinion evidence regarding her functional limitations.  The Court trusts that the newly assigned ALJ will consider all the evidence in the record, including the medical opinions, and "build an accurate and logical bridge from th[at] evidence to [his or her] conclusion"

in rendering a decision.  *See Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010).

### IV.   Conclusion

For these reasons, I deny the Commissioner's motion for judgment on the pleadings and grant Sandell's motion to the extent it seeks reversal of the Commissioner's final decision and remand for a new hearing before a different ALJ.  Sandell's motion is denied, however, to the extent it seeks a finding of disability and a remand for the sole purpose of calculating benefits.

The ALJ's decision is vacated, and the matter is remanded to the Commissioner for further proceedings not inconsistent with this Order.

SO ORDERED.


_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge


Dated:    September 28, 2023
          Brooklyn, New York